EMMA WALKER ET AL.

v.

THOMAS J. HAUGHEY ET AL.

*Real Property—Conveyance—Action to Recover Discount on Judgment Liens—Agency—Joint Liability—Practice.*

1. In an action by a grantor against the grantee and her agent, to recover the amount of a discount obtained on judgments which were liens against the property conveyed, it is *held:* That although the defendants do not appear to have been entitled to the discount in question they are not jointly liable therefor.

2. An objection to instructions which are not copied into the abstract can not be considered on appeal.

[Opinion filed June 14, 1887.]

APPEAL from the County Court of Sangamon County; the Hon. J. H. MATHENY, Judge, presiding.

Messrs. PATTON & HAMILTON and ALEX. J. WALKER, for appellants.

On motion of the appellants the case was decided on the merits although no brief was filed for the appellees.

WALL, J. This was an action of assumpsit by appellees against appellants. There was a plea of *non-assumpsit* and a plea, properly verified, denying joint liability. Upon a trial by jury there was a verdict for appellees for $237, and a motion for new trial having been overruled, judgment was rendered accordingly.

The appellee, Thomas J. Haughey, sold to the appellant, Emma Walker, then Neal, through her agent, appellant Alexander J. Walker, certain real estate in the City of Springfield and delivered a deed therefor which was duly executed by himself and his wife, the appellee Judith Haughey. The claim in this suit is for the amount of a discount obtained by appellants upon two judgments, which were of record against

Thomas J. Haughey, and were liens upon the property. It was contended that, by the arrangement between the parties, the benefit of this discount was to be enjoyed by appellants. We think the evidence did not justify the conclusion that the appellants, or either of them, were entitled to this discount, and that very clearly there is no sufficient proof it was for their joint benefit.

It seems equally clear there can be no joint liability upon any possible view to be taken of the evidence in this record.

Whatever was said or done upon which to base the demand sued for, was by Alexander J. Walker in his capacity as agent. If he acted within the scope of his authority, his principal being disclosed would be bound by his acts, but he would not be personally responsible. If he exceeded his authority and made himself liable, his principal is not jointly liable with him. 2 Kent's Com., 630; Story on Agency, 261. Assuming that the sum in question should be paid to the appellees, or either of them, the appellants are not jointly bound therefor.

The court erred in refusing to set aside the verdict. The alleged errors in respect to instructions given for appellees will not be considered because the instructions are not copied in the abstract. For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*